## HAWKINS v. NATION.

EVIDENCE.—Evidence of fraud in procuring the execution of a promissory note is not admissible under a plea of want of consideration.

PLEADING.—*Practice.*—*Striking Out.*—It is error to strike out an answer specifically setting up fraud in procuring the execution of a note, on the ground that the answer is the same as a plea of want of consideration.

APPEAL from the Howard Common Pleas.

PETTIT, J.—This was a suit by appellee against appellant on a promissory note. The complaint is in the usual and proper form. Answer in three paragraphs; first, want of consideration; the second and third paragraphs of the answer were as follows:

"The defendant, for a second paragraph of his answer, says that he admits the making of the note sued on, but says that said note was obtained by the plaintiff from the defendant by the false and fraudulent representations of the plaintiff, in this: the plaintiff at the time of the giving of said note, and long before, falsely represented to the defendant that he, the plaintiff, was a member of a pretended ditching association in Howard county, Indiana, called the Deer Creek and Honey Creek Ditching Association; and that there had been assessed against the defendant's land, as benefit, the sum of two hundred dollars; and that he, the plaintiff, had been authorized by the board of directors of said ditching association to collect the assessment so made against the defendant's land; and that he, the plaintiff, was the legally authorized agent of said ditching association; and that as such agent, and by the authority of said board of directors of said ditching association, he had full authority to collect said assessment so made against the defendant's land; and that if the defendant would give him his note for one hundred and twenty-four dollars and twenty cents, he, the plaintiff, would release the defendant from the payment of said sum of two hundred dollars, the assessment as represented by the plaintiff to have been made against the defendant's land; and defendant avers that the said plaintiff

was not the legally authorized agent of said ditching association, nor had the said plaintiff ever been authorized to collect the assessment so made against the defendant's land by the board of directors of said ditching association. Defendant further avers that there never had been any legal assessment made by said Deer Creek and Honey Creek Ditching Association, as benefits against defendant's land; and defendant further avers that the plaintiff had no legal authority from the board of directors of said ditching association, nor was he the legally authorized agent of said ditching association; but the defendant says that being wholly ignorant of the authority of the plaintiff to collect said assessment, or the making of the said pretended assessment, but relying upon the false and fraudulent representations as aforesaid, made by the plaintiff, he was induced to and did give the note sued on, but without any good and valid consideration whatever; so the defendant says that said note was obtained from the defendant without any consideration; wherefore defendant asks judgment for his costs.

"And defendant, for a third paragraph of his answer, says that before the making and giving of the note sued on, the plaintiff came to the defendant and represented to the defendant that his, defendant's, land had been legally assessed, with two hundred dollars as benefits, by the Deer Creek and Honey Creek Ditching Association, and that said assessment was due, and that if the defendant would give him his (defendant's) note for one hundred and twenty-four dollars and twenty cents, he, the plaintiff, would release the defendant from the payment of said assessment; and defendant avers that in truth there never had been any legal assessment made against defendant's land, nor was the said land assessed by the Deer Creek and Honey Creek Ditching Association, nor was there any such assessment due against the defendant; for defendant avers that there had never been any dividend made by the said board of directors of said ditching association; but defendant says that from the false and fraudulent representation so as aforesaid made by the

Hawkins *v.* Nation.

plaintiff, he was induced to, and did, execute the note sued on to the plaintiff, without any consideration whatever; wherefore defendant demands judgment for his costs."

The plaintiff filed a motion to strike out the second and third paragraphs of the answer, because they are the same as the first paragraph, which motion was sustained and exception taken; and this ruling is assigned for error. Are these paragraphs of the answer the same? or could the evidence which might be given under the second and third be given under the first paragraph of the answer? The first was want of consideration, under which evidence of no consideration only could have been given.

The second paragraph of the answer is one of fraud, with clear statements and showing of the facts and circumstances that constituted the fraud, and the evidence that was admissible under this paragraph was not admissible under the first paragraph of the answer. Fraud vitiates all contracts, and it could not be more clearly charged than in the second paragraph of the answer.

The third paragraph of the answer need not be noticed further than to say that it is a nondescript. We cannot see why not making a dividend by the directors should be a defence to the action.

We must reverse the judgment for the striking out of the second paragraph of the answer. 2 G. & H. 102, sec. 77, and references. The second paragraph was clearly a good defence.

The appellee has not furnished us with a brief or a suggestion as to the correctness of the rulings, nor have we been much aided by the scribbling and unreadable brief of the appellant, but we have been forced to study the transcript itself.

The judgment is reversed, at the costs of the appellant.

*J. W. Robinson,* for appellant.